Ms. Nash, over to you. Good morning, your honors. My name is Melissa Salinas and I'm with the Office of the Federal Public Defender and with the University of Michigan Law School. And I'm here today to supervise Brittany Nash and would like to introduce her to the court. Thank you. Thank you. Ms. Nash, welcome. You may proceed. Thank you. Good morning. May it please the court, I am Brittany Nash and I am representing the appellant, Ryon O'Neill Nash. I would like to reserve three minutes for rebuttal. Okay. Thank you. The issue presented is whether the district court erred in applying a 16-level enhancement under section 2L1.2 of the sentencing guidelines for a prior offense committed when Mr. Nash was only a 16-year-old boy and he was removed from the juvenile system by a prosecutor, prosecuted by, I'm sorry, prosecuted as an adult but sentenced as a judge under the Florida youthful offender statute. May I ask one overarching question? You're challenging the 2L1.2, but it seems that the calculation that you make is dependent upon 4A1.2. Do you also challenge 4A1.2? Yes, we challenge both. 4A1.2 deals with the criminal history points and both statutes. He was sentenced under both and was given, according to his PSR, he was given points under the criminal history points as well as the 16-level enhancement under 2L1.2 because of this prior offense that is at issue because it was the district court made the determination that it was an adult conviction. So both of those provisions are before us? Correct. Thank you. Correct. I'm going to focus here today on two reasons this court should reverse and remand for resentencing. First, Florida has a unique system when it comes to the adjudication of juveniles. And under this unique system, Mr. Nash's prior offense does not count as an adult conviction. Second, and in the alternative, the term adult conviction as used under 2L1.2 is vague in its meaning and pursuant to the rule of leniency, it should be construed in Mr. Nash's favor. Ms. Nash, one of the things that we're always interested in, of course, is whether when we do what you ask us to do, we're resulting in a circuit split. So how do you respond to the Eleventh Circuit? Seems to be right on point, seems to be persuasive. So why should we go the other way? Well, the reason why we should go the other way is first, the Eleventh Circuit decision is not binding on this court, and it was also an unpublished case as well. Additionally, this is an issue of first impression for this court, and it's an open issue in the circuit. Also, this will not be necessarily creating a circuit split. There is, I'm sorry, a circuit split already exists at this moment. The Second Circuit has also been presented with whether or not the Florida Youthful Offender Statute is an adult conviction under Section 2L1.2.  In that case, they did not create a blanket determination that the Youthful Offender Statute is always an adult conviction. Rather, they used a more substantive approach where they look at the nature of the proceeding, they look at the sentence imposed and actually served, and they also look at where the defendant was incarcerated. And they've used this for the Florida Youthful Offender Statute as well as for the New York Youthful Offender Statute. Is your position also that the law is different in the Sixth Circuit because of, I think I want to pronounce it correctly, Irpenbeck, which suggests that we are to look to apply a consistent meaning across the guidelines, and that if we are interpreting one provision of the guideline with a certain definition, we are then to apply that same definition everywhere else that we use that phraseology in analyzing the guidelines? Yes, that is correct. Under Chapter 4, adult conviction is also used. The term adult conviction is a term of art. Under Chapter 4 as well as under Chapter 2, the way that they are using the term adult conviction is to increase the guideline range. One is for criminal history points, the other is a 16-level enhancement. Both serve the same exact fundamental purpose of increasing an individual's guideline range based off of prior offense. Under Chapter 4, adult conviction explicitly says that you need an adult conviction in an adult sentence according to the commentary. There is a Fourth Circuit case, which is US v. Mason, I believe. And under that case, let me just make sure, yes, US v. Mason. Under US v. Mason, the Fourth Circuit made the determination that adult conviction requires both a sentence and a conviction for it to count for the purposes of the criminal history points. Additionally, the term adult conviction has multiple meanings, particularly the word conviction itself has multiple meanings in the dictionary. Let me ask you a couple of questions before you get too far down that road. I'm just looking at your citation to Orlando Mena on page 14 of your brief. It doesn't seem to be cited in the reply brief, so I think we only look at it in one spot. You seem to be confining your discussion of that Second Circuit case to that question that you've been talking about with Judge Strange, and that is, what's the interrelationship between 2L1.2 and 4A1.1? But I gather you were using that case for a different purpose earlier in our discussion by saying that they're essentially imposing a different test of what factors you look at than the Eleventh Circuit did, so therefore there's already a split. Is that it? Yes. Did you make that argument someplace else that I missed? No, not in the briefs. But essentially, it is, essentially, under the Second Circuit, if there was different facts presented, perhaps if Mr. Nash's facts were presented to the Second Circuit, the outcome could have been different. You then went on and talked about Mason, the Fourth Circuit case, and my understanding is that hasn't been followed by anybody else. There are actually quite a few circuits that go the other way on that. So has anybody followed the unbriefed holding in the Second Circuit decision? No, there has not. The Eleventh Circuit and the Second Circuit are the only ones who have made any actual finding in regards to the Florida youthful offender statute under Section 2L1.2. If we were to go down that road, then you have to convince us that this was actually a juvenile sentence, and to do that, assuming that we're going to take what the sentence was into account versus the conviction. To do that, then you have to convince us that the way it was categorized on the state's own documents is a mistake. Yes. How do you get around that? So the document... What is the basis for us looking through the language used by the state on their own document? So looking at the state's document, it must be taken into the look and light of the fact that there was, between 1994, when there was an amendment of the youthful offender statute in Florida, and between that period in 1997 with Davis v. State, there was a period of confusion. And the sentencing court at that time in the state's sentencing court, when they made the notations adult sanctions, they believed that they were following the law as they thought it was at the time. But in 1997, with Davis v. State, a Florida appellate court decision, they clarified that youthful offender actually created a separate category that was distinctively different from juvenile and from adult sanctions. So despite the fact that the sentencing court wrote adult sanctions on these boilerplate forms, it does not... It just actually just was them believing that they were following the law as it was at the time. And what's... I mean, I understand that from an argumental standpoint, but is there any evidentiary support for that in connection with what this judge meant in this particular case? Unfortunately, these are the only documents that are available. And they're very boilerplate, as you see. There wasn't much. It's just kind of fill in here, fill in there. There wasn't much space provided for the trial judge to make. Because we have a lot of cases that basically say, we don't go back and look at underlying state court documents, except in the absence of counsel. So how do you get around that? You may be absolutely right, but how do you get around our case law that says we don't do that? I think this is a very unique situation where we do have to look at the documents itself, but we also have to look at it in light of the system, the Florida system. And Section 201.2 does direct interpreting courts to look at the jurisdiction itself to determine what is meant in regards to adult conviction. So any time there's an enhancement then, a court is required to basically research what the underlying practice was in the other state court and determine if they really meant what  Is that the argument you're making? I would say probably not in regards to the documents itself from the sentencing court. What the court is supposed to look at is the law itself. Unfortunately, the documents do not really reflect the law as it actually was meant by the legislator when they made the amendments to the Florida statute. And because of that, we do need to look at all of the circumstances surrounding that document to understand those notations. So phrase it another way, then it would be the obligation on the district court to check to see if the way the conviction form was filled out was within or outside the statutory authority by the court in the sentencing state. It would probably, although it would be like extra burden on the district court to look at the additional, to look into the actual, how the reasons behind, the statutory reasons behind why a trial judge may write adult sanctions to actually make this a fair system and to make it where we do eliminate any kind of possibility of disparities. I think it is important to look and see what the reasons behind why a judge may have wrote adult sanctions on there. Am I right that our case law says that you only, essentially, collaterally, you're only allowed to collaterally attack another conviction in the case of the absence of the right to counsel? To be honest, I'm not sure. If that is what the law says, is that a problem? It may be a problem. I'm sorry. I'm really not sure. I'm not familiar. That's fine. I apologize. But I see that my time is running up. I would like to just sum up shortly. The Florida youthful offender system and the Florida criminal justice system in general is very unique. And the fact that the prosecutor was able to remove Mr. Nash and place him into the adult system, but the judge did make a determination that he should receive a youthful offender statute sentence, is what is important here. Because that is the first time the judicial officer made any determination as to whether or not Mr. Nash should be treated as a child or should be treated as an adult. And I would like to thank you. Thank you. Good morning and may it please the court. I'm Matthew Spaulding. I'm a Special Assistant United States Attorney with the Toledo office. I'm here on behalf of the government. The issue in this case is whether Mr. Nash's prior 1996 conviction for armed robbery was an adult conviction for purposes of the enhancement, the 16th level enhancement under 2L1.2. And the government would maintain that the analysis should focus on whether or not it was a conviction. Because the commentary to 2L1.2 defines a conviction or defines a qualifying offense for a conviction received prior to the age of 18 as, you know, if there's an adult conviction under the laws of the state of the jurisdiction where the conviction occurred. Here in Florida, there was a conviction. And the best evidence... How do you respond to our precedent in Irpin Beck, I'm not sure I'm saying that correctly, that simply says it's our responsibility to apply definitions consistently throughout the guidelines? Your Honor, I think there is a different rationale for the definition in Chapter 4 versus Chapter 2. Chapter 2 dealing with specific offense conduct. Here we have someone who's unlawfully in the country, they're removed, they commit a violent offense, which is why they're removed, and then they come back to the country. That there's a serious, you know, that's a serious person that I guess we want to deter or that we don't want here. Chapter 4 deals with recidivism, so... But aren't both of them focused on how do you look at the history of a person when you determine what sort of punishment you're going to give the person? And in one, we have an express definition. We have a definition that says it has to be an adult conviction in an adult sentence. And if we want it to be consistent throughout the guidelines, then why wouldn't we use that in both? If the overall goal is consistency, I think you would use, you'd have to pick which one to use, whether it be the conviction in the sentence or just a conviction. Here they're, obviously the Sentencing Commission thought that there was a reason for having differing definitions under Chapter 2 and Chapter 4. Chapter 2, simply just an adult conviction, they're looking at just a conviction. Chapter 4, it's the sentence as well as the conviction. I guess I don't have a better answer than that, that the Sentencing Commission has differing definitions under Chapter 2 and Chapter 4. Well, it wouldn't be any more, it wouldn't be any greater burden on the district court if the district court already has to determine whether there's an adult conviction to also look and see whether there was an adult sentence, would it? I suppose if that matter was clear, it'd just be additional documentation. I think in this case, if you look at the conviction or you look at the sentence, I think both support the finding that this was an adult conviction and adult sentence. I think the record 18-1, page ID 90-95 gives us, it's the judgment documents, it's the sentencing documents. I think they indicate that we had an adult conviction here as well as an adult sentence. But I would caution the commentary to Section 201.2, I think clearly defines the circumstances here for the 16-level enhancement for an offense which occurs prior to the age of 18 as being, you know, whether it's an adult conviction in the jurisdiction in which the conviction occurred. Here in Florida, it looks like it was a conviction. Mr. Spaulding, maybe you could clarify something for me. I thought that the philosophy behind the guidelines, and I think there may be some language in the first chapter, says that you always go forward from chapter to chapter to chapter to chapter. You never go back. So once you've decided on the Chapter 2, what's applicable, you can go forward. That means you can import the definition from Chapter 2 into Chapter 4, but you can never import the definition from Chapter 4 into Chapter 2. That is correct. That's my understanding as well. You're absolutely right. You bring the definition. My question is, why don't you use the Chapter 2 definition in Chapter 4, the definition in 2AL? Why don't you use that in Chapter 4? Certainly in this case, that would be favorable if we were to use that definition. Certainly it would require less work from the court in that it wouldn't have to go look for sentencing documentation. For example, this case is quite old. It was very difficult to find the documents and even get a decent copy. The Chapter 2 definition is pretty straightforward. Whether or not it's an adult conviction, you look to the laws of the state of Florida. Here the state prosecutor had discretion to file a direct information and did so charging two individuals, Mr. Nash and another, in both Count 1 and Count 2. Count 1 with armed robbery, Count 2 there was a firearm offense. That would be prejudicial though to defendants in many cases. That would be prejudicial to this defendant. For example, in Chapter 4, you not only look at the conviction, you also look at the sentence. So in some instances, you would be ignoring that a person received favorable treatment with respect to a sentence, so it may not count as much. I guess I don't understand the question, Your Honor. Just taking a moment to look at the judgment on page ID 90, I would just point out briefly that the judgment document indicates that the defendant entered a plea of nullo contendere to armed robbery, which carries, it's an F1, carries the term of imprisonment of up to life, and that it says right underneath the table that the defendant is hereby adjudicated guilty of the above crimes. And I also would like to point out on page ID 18-1, which is part of the sentencing documents, halfway down the page it says it is a sentence of this court, and there are two X's marked on the defendant is committed to the custody of the Department of Corrections. And two lines down it says the defendant is sentenced as a youthful offender in accordance with Florida Statute 985.04. That's not marked. The defendant did receive a split sentence, but the purpose of the Youthful Offender Act was sort of a, it was hybrid sentencing. It gave the district court, or it gave the court in Florida, in the 10th Judicial Circuit, it gave them the option or another tool in the toolbox, as I believe Cortez from the 6th Circuit, or from the 11th Circuit made reference to, that it was just another tool that they had to sentence offenders who, you know, were kind of maybe in a transition period between being children or juveniles and being adults. And then finally I would point out on page ID 95 that it does say at the end of the judgment adult sanctions imposed. And in Mr. Nash's reply brief he correctly indicates that there was a change of law pre-94 and after 1994. Before the 1994 amendments, a sentence with adult sanctions imposed had to be specified in writing. And then after the amendments, they didn't, it said that they should be in writing, or they must be in writing, but if they don't there was a presumption that it would, you know, apply, the adult sanctions would apply. But I don't think in this analysis you have to go to the sanctions, it's just good enough that the conviction here was an adult conviction for purposes of the enhancement. And if there are not any more questions I would just ask that this court affirm the district court's decision. I think what Ms. Nash wants us to assume is that this person actually got a youthful trainee sentence as opposed to an adult sentence maybe then followed by what would be more typically a part of a youthful sentence. How do you respond to that argument? I don't think the classification, or you're under- Let me say it another way. I think she's saying that because the legislature authorizes this youth sentence, therefore that's what this guy got, even though the judgment seems to say something different literally. Is there anything in the Florida law that requires the juvenile to have gotten the juvenile sentence after having been convicted of an adult crime, or is it simply, as you say, an option on the part of the court? Your Honor, I'm aware of no requirement that there be a youthful sentence imposed. There is a statute that allows someone between the ages of 18 and 21 to fall under a youthful offender, but I think it's the judge's discretion in a case whether or not to sentence them as a juvenile or sentence them as an adult. Here the adult sanctions imposed seem- So then what are the indicia here, if anything, that the actual sentence was a youthful sentence as opposed to an adult sentence, as she apparently is arguing? I think, Your Honor, there would be an indication on the judgment and sentence that it was a youthful offender. I think- Can you ignore the judgment for a second? Okay. Because she says that that's not in a court of Florida law and is a mistake. So just put that aside for just a second, humor me. What is the indicia as to what the actual sentence was, independent of what the judgment says? Is there any factual information we have about that other than this guy thinks apparently got a youthful sentence? I think, Your Honor, it would be the term of imprisonment. He serves in the Department of Corrections would be the only- See, I thought what you were going to say is, yes, but they sent him to prison. That's not a youthful sentence. The response is, yes, but there are camps, which is what the youthful sentence apparently would be, within the prisons, and that's where he was. So do we know anything about that one way or the other? Your Honor, the only thing that I know is that he was supposed to be in the county jail through May of 1996. I don't know where he served his time. I know that the judgment documents say that he was to serve 18 months in the Florida State Prison, but I don't know that there's anything from the record that I have that tells me how that sentence was served out or where it was served out. So there's no documentary support for the allegation that he was actually sentenced to a camp, which happened to be within the prison, and that's what the judge meant but failed to say in the order. There are no documents. That is correct. There are no documents. Thank you. Is there any other questions? No? Thank you. Thank you. Ms. Nash, if you could, I'd like to have you address a question that Mr. Spalding was asking. The guidelines tell us that we go forward and not backwards, and we have to import the definition of a conviction from Chapter 2 into Chapter 4. Would that not hurt your client, because I think Chapter 4 says if the conviction and sentence was not of a certain length, then it is not counted. So in some instances, defendants would have convictions counted, then the definition we're using in Chapter 4 would not be counted. That would be harmful? I believe from Chapter 4, it says you need one or more years, a year or more, for it to count. The sentence has to be at least, it has to be a juvenile sentence, and it has to be a year or more, I believe, according to Chapter 4, the commentary in there. For Mr. Nash, he did receive 18 months. He received 18 months, which is a year and a half. Would that prejudice him? If we imported the definition of adult conviction from Chapter 2 into Chapter 4, in which adult conviction only meant adult conviction, despite the fact that that term is not really defined in Chapter 2, but if we were to look at it and it was only to require an adult conviction, then my client would be prejudiced under Chapter 4. And many other defendants would also be prejudiced. Correct. And Chapter 4 is about getting at recidivism, and it takes into account the fact that juveniles need to be treated separately and different, and it also takes into account that from jurisdiction to jurisdiction, what is a juvenile is different. So, it is a more elaborate definition of what adult conviction means. Additionally... So, let's assume, then, that you're right, and that we look at 4A1.2, and we take the sentence into account. Going back to our earlier discussion, does the Ohio, or excuse me, does the Florida statute say that a juvenile has to receive a youth sentence, or can the juvenile that's tried as an adult receive an adult sentence? Yes. So, if that's true, then why does the fact... What's the evidence that checking the box the way they checked it was an error, if in fact this guy got an adult sentence? So, once a child is removed and placed into the adult court system, the judge can make the determination on whether or not to retain the child as a youthful offender or to sentence him as an adult, despite the documents and it not being necessarily very clear, because it indicates boot camp, which is a youthful offender sentence, and it also indicates the fact that he will receive four years of youthful offender probation. So, according to the statute, everything that indicates the fact that he actually received a youthful offender sentence. If you ignore the fact that he's sent to prison for 18 months. That was actually boot camp. It was 18 months boot camp, and it was housed, actually under... So, no adult can be sent to boot camp? So, under section 958, it actually indicates boot camp for youthful offenders, and the fact that they are housed in the... Well, let's assume that that's correct. Can an adult be sent to a boot camp? Under Florida law, to be honest, I'm not necessarily certain, but it does from... My client said that he received boot camp in the youthful offender boot camp, and that it was something to... You have to believe your client. We don't. So, what else do we have that says that it by necessity or by definition was a youthful sentence, even if you're right that we take the sentence into account, aside from him saying, I went to a boot camp, and it was a youthful boot camp? The fact that he received the split sentence under 958, which can include incarceration, and it can include the probation, and since he received that, that indicates, and it says youthful offender, and it's written explicitly youthful offender, that indicates that he did... That the judge was using section 958 of Florida statute to impose the sentence on my client, and that he... Even though if he wanted, if he was intending to do that, there's a box to check saying you're doing that, and that's what you're intending, he didn't check the box, right? He did not check the box. And once again, these forms, they're boilerplate, they don't provide much guidance to us beyond us looking at a check mark or looking at terms that were written down in trying to determine whether or not this is what it says or doesn't say. But we do know that he did write the term youthful offender, and that it does have the characteristics of a split sentence under section 958, and that Mr. Nash was housed in a separate facility from adults, and was treated as though he was a youthful offender. And under Davis v. State, it says that under the youthful offender statute, youthful offenders are a distinct category. Additionally, there is chapter two and chapter four... Just out of curiosity, was there an avenue to have gone back to get this juvenile conviction if that's what it was, or juvenile sentence if that's what it was, corrected under Florida law? I'm sorry, can you repeat the question again? Was there an avenue available to your client to go back to Florida and have them correct this document if in fact it's in error? Possibly. I'm not so sure. This was over 16 years ago. It was a very long time, and as the government said, it was hard being able to even get these documents that we do have here today, unfortunately. I would like to thank you, and I ask that this be remanded for resentencing. Thank you. All right, thank you. We always enjoy the law clinics. You do an excellent job on behalf of your client. Thank both of you. The case will be submitted. That completes our argued calendar today, so please adjourn the court.